In the Matter of JOHN CORBETT on Habeas Corpus.

## No. 1033; July 17, 1866.

County—Changing Boundaries—Title of Statute.—An act, in effect, to set off part of one county and annex it to another, is sufficiently expressed by a title so worded as to begin with "An act to amend an act," and to continue by a reference expressly to the original act organizing the county thus to be enlarged.

County—Changing Boundaries.—Taxes on Land Within a Part of a county taken off for annexation to an adjacent county, levied and becoming a judgment against the owner of the land and a lien upon the latter before the passage of the act effecting the change in county lines, belong to the county from which the part was taken.

P. Van Clief and C. Haymond for petitioner.

SHAFTER, J.—The first question which the case presents relates to the constitutionality of the act of March 31, 1866 (Acts 1866, p. 605), altering the boundaries of the county of Plumas. The effect of that statute, as appears by the stipulation, was to set off a portion of the county of Sierra to the county of Plumas. The unconstitutionality of the act is put upon the ground that the object of the act is not expressed in its title, as required by section 25 of the fourth article of the constitution. The title of the act is as follows: "An act to amend an act entitled an act to organize the county of Plumas out of a portion of the territory of Butte county, approved March eighteenth, eighteen hundred and fifty-four." We consider this to be a clear and unequivocal expression of the object of the act; and it is manifest that its provisions are strictly confined to that object.

It appears from the agreed statement that the board of supervisors of Sierra county levied the county taxes for 1866 in February of that year, and that they became a judgment against the person and a lien against the property assessed on the first Monday in March following, while the territory in dispute was yet a part of the county of Sierra, and some twenty-five days before the passage of the act in question. Under these circumstances the assessment of the taxes for the fiscal year 1866–67, and the collection of them, belongs to

Sierra county, with reference to whose "expenditures" alone the taxes were levied: Moss v. Shear, 25 Cal. 38.

The petitioner must be discharged, and it is so ordered.

We concur: Sanderson, J.; Currey, C. J.; Rhodes, J.; Sawyer, J.